**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Depositors Insurance Company,<br><br>    Plaintiff,<br><br>v.<br><br>Christina Ubrina, et al.,<br><br>    Defendants. | No. CV-17-02972-PHX-GMS<br><br>**AMENDED ORDER** |
| H & E Equipment Services, Inc.,<br><br>    Counter-Claimant,<br><br>v.<br><br>Depositors Insurance Company,<br><br>    Counter-Defendant. | |
| Travelers Property Casualty Company of America,<br><br>    Intervenor. | |

Pending before the Court are the Motion for Summary Judgment of Plaintiff Depositors Insurance Company (Doc. 67) and the Cross Motion for Summary Judgment of Defendant H&E Equipment Services, Inc. (Doc. 70). For the following reasons, Depositors' Motion is denied, and H&E's Cross Motion is granted.

**BACKGROUND**

**I.    The Accident and the Underlying Lawsuit**

1       The Lower Buckeye Jail needed washing and painting, so Riddle Painting was hired to do the job. Riddle did not own all the equipment needed, so it leased a mobile lift from H&E Equipment Services. Riddle's project at the jail went tragically wrong. One day, as two Riddle employees were driving the lift, it tipped over, killing both men. As required by law, the beneficiaries of Riddle's deceased employees received Arizona's workers' compensation benefits. The workers' compensation statute prevented the families from suing Riddle, but the statute did not shield H&E. So the families sued H&E in Arizona state court.

H&E requested that Riddle's general liability insurer, Depositors Insurance Company, defend H&E in the state-court action and pay any damages for which it might eventually be held liable. Depositors agreed to cover half of the cost of H&E's defense but reserved its right to file a separate lawsuit to determine whether it owed H&E a duty to defend or indemnify. Depositors then filed this lawsuit to resolve those questions. H&E filed a counterclaim, asserting that Depositors owes it duties to defend, reimburse, and indemnify, as well as a single claim of breach of contract.

**II.     The Lease Agreement and the Additional Insured Endorsements**

The lease agreement between Riddle and H&E obligated Riddle to do certain things. First, Riddle was required to maintain and inspect the lift in compliance with its owner's manual, and "inform[] all potential operators of the [lift] of said instructions, signs and limitations." (Doc. 70-1 at 27.) Next, Riddle had to purchase and maintain general liability insurance, and provide coverage to H&E as an additional insured. (*Id.*) Lastly, Riddle was required to indemnify and hold H&E harmless for all claims arising from the use, operation, or condition of the lift, including all damages or injuries to property or people. (*Id.*)

Riddle purchased a general liability insurance policy ("CGL policy") from Depositors. The CGL policy contained two provisions at issue in these motions: a Blanket Additional Insured Endorsement and a Contractors Enhancement Plus Endorsement. Both endorsements have multiple requirements and limitations on who counts as an additional

insured under the contract, but the first requirement for both is the same: in order to be covered as an additional insured, the party seeking coverage must have signed a valid, written agreement with Riddle that required Riddle to add the party as an additional insured. (Doc. 70-1 at 212; 216.)[1]

/ / /

/ / /

The other limitations on coverage under the two endorsements differed. The Blanket Endorsement limited coverage by only applying to "liability for 'bodily injury' or 'property damage' caused, in whole or in part, by 'your [*i.e.*, Riddle's] work' for the additional insured." (*Id.* at 212.) As relevant here, the Contractor's Endorsement limited coverage by only applying "to the extent [Riddle is] held liable due to . . . [m]aintenance, operation or use of equipment leased to [Riddle] by [H&E]." (*Id.* at 216.)

## DISCUSSION

**I.  Legal Standards**

A principal purpose of summary judgment is to identify factually unsupported claims and dispose of them. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."

---

[1] For purposes of these motions only, Depositors does not contest the existence of a valid, written agreement between Riddle and H&E.

*Celotex*, 477 U.S. at 323. If the movant meets that burden, the party opposing summary judgment must then "cit[e] to particular parts of materials in the record" that establish a genuine factual dispute or "show[] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. Pro. 56(c)(1). If the opposition fails to do so, the court is not required to comb through the record on its own to come up with reasons to deny a motion for summary judgment. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (citing *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).

## II. Analysis

Based on the plain language of the Contractors Endorsement, Depositors owes H&E both a duty to defend and a duty to indemnify in the event of an adverse judgment in the underlying state court action.

### A. The Duties to Defend and Indemnify

"An insurance policy imposes on the insurer the duty to defend the insured against claims potentially covered by the policy and the duty to indemnify the insured for covered claims." *Colorado Cas. Ins. Co. v. Safety Control Co.*, 230 Ariz. 560, 565, 288 P.3d 764, 769 (Ct. App. 2012) (citing *United Servs. Auto. Ass'n v. Morris*, 154 Ariz. 113, 117, 741 P.2d 246, 250 (1987)). "The duty to defend is determined 'at the earliest stages of the litigation and generally exists regardless of whether the insured is ultimately found liable.'" *Nucor Corp. v. Employers Ins. Co. of Wausau*, 975 F. Supp. 2d 1048, 1054 (D. Ariz. 2013), judgment entered, No. CV-12-678-PHX-SMM, 2014 WL 11514490 (D. Ariz. July 25, 2014) (quoting *Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 164, 171 P.3d 610, 612 (Ct. App. 2007)). The duty to defend depends not on a final determination of liability or fault but upon whether "the complaint in the action brought against the insured upon its face alleges facts which come within the coverage of the liability policy." *Kepner v. Western Fire Ins. Co.*, 109 Ariz. 329, 331, 509 P.2d 222, 224 (1973) (en banc) (quoting 50 A.L.R. 2d 458, 464 (1956)).

### B. The Contractors Endorsement

There are two primary issues regarding the Contractors Endorsement. The first issue is whether the heading of the section creates an additional limitation on coverage. The second is whether Riddle has been "held liable" for the deaths of its employees even though it is immune from suit by their families. Examination of the endorsement and Arizona law shows that H&E qualifies as an additional insured under the endorsement.

Depositors first contends that the heading of the Contractors Endorsement requires that any contract signed between Riddle and an additional insured state that Riddle's insurance is primary and non-contributory. The text at issue appears below:

> **ADDITIONAL INSURED – WHEN REQUIRED IN AN AGREEMENT OR CONTRACT WITH YOU PRIMARY AND NON-CONTRIBUTORY**
>
> The following is added to SECTION II – WHO IS AN INSURED
>
> 4. Any person(s) or organization(s) with whom you have agreed in a valid written contract or written agreement that such person or organization be added as an additional insured on your policy during the policy period shown in the Declarations. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury".
>
> The person or organization added as an insured by this endorsement is an insured only to the extent you are held liable due to:
>
> a. **Lessors of Leased Equipment**
>
>    Maintenance, operation or use of equipment leased to you by such person or organization. This insurance does not apply to any "occurrence" which takes place after the equipment lease expires.
>
>    However, their status as additional insured under this policy ends when their lease, contract or agreement with you for such leased equipment expires.

(Doc. 70-1 at 216.) Depositors argues that H&E cannot qualify as an additional insured because the lease agreement H&E executed with Riddle did not require that Riddle's insurance be primary and non-contributory.

- 5 -

Contracts are to be read and interpreted as if by a layperson untrained in law or business. *See Nucor Corp. v. Employers Ins. Co. of Wausau*, 231 Ariz. 411, 414, 296 P.3d 74, 77 (Ct. App. 2012). A layperson reading the heading would, at the very most, be unsure of its meaning, and would not understand it as a clear additional limitation on coverage.

The heading's meaning in the Contractors Endorsement is structurally ambiguous. First, the drafter placed it in a different section of the endorsement than the express coverage limitations. Had the parties intended to include a requirement that an agreement requiring coverage as an additional insured specify that such coverage be "primary and non-contributory," they likely would have added it, along with the other limitations, in the body of the endorsement.

Further, even if the location of the phrase does not render it ambiguous, its meaning is not clear, particularly to a lay reader untrained in law or business. Depositors contends that it is unambiguously a limitation on coverage, requiring that any party wishing to establish additional insured status must show that it signed an agreement with Riddle that specifically stated that Riddle's coverage would be primary and non-contributory. But that meaning of the heading is no more obvious that the meaning advanced by H&E, which contends that the phrase simply indicates that coverage provided under the endorsement to additional insureds will be primary and non-contributory.

An examination of the endorsement suggests that the heading should not be interpreted as a substantive limitation on coverage. Common sense suggests that the exclusion of "primary and non-contributory" from the sections of the endorsement that set forth explicit limitations on coverage means that the phrase should not be interpreted as such a limitation. *Cf. Herman Chanen Const. Co. v. Guy Apple Masonry Contractors, Inc.*, 9 Ariz. App. 445, 447, 453 P.2d 541, 543 (Ariz. Ct. App. 1969) ("The doctrine of Expressio unius est exclusion alterius is that the expression in a contract of one or more things in a class, implies the exclusion of all things not expressed, although all would have been impliedly included had none been specifically expressed."). Here, the explicit limitations on coverage are included in the substantive sections below the section heading. The

limitations are clearly expressed. The drafters of the contract did not include "primary and non-contributory" in the sections setting forth limitations.

Finally, the text of the heading itself does not clearly establish that "primary and non-contributory" is a limitation on coverage. This is because it does not employ the same clear language as the express limitations. For example, the first express limitation of the endorsement states a party otherwise qualifying as an additional insured "is an additional insured *only with respect* to liability for 'bodily injury.'" (Doc. 70-1 at 216.) (emphasis added). Another clause also incorporates clear limiting language when it states the added insured "is an insured *only to the extent* you are held liable." (*Id.*) (emphasis added).

By asking this Court to give the same limiting effect to heading as the two limitations, when the heading does not contain limiting language like "only when" or "to the extent that," Depositors strains the plainest reading of the document. The heading of the document does not impose an additional limitation on coverage.

The second issue is whether Riddle has been "held liable." The endorsement covers an additional insured "only to the extent [Riddle] is held liable due to . . . [m]aintenance, operation or use of equipment leased to [Riddle] by [H&E]." (*Id.*) The parties do not dispute that liability in this case, if any, would arise from the operation or use of the boom lift rented to Riddle by H&E. It is also undisputed that Riddle made payments to the decedents' families as required by Arizona's workers' compensation statute. The sole issue is whether Riddle has been "held liable" for the accident that killed two of its employees.

Riddle's payments to the families of the decedents qualify as "liability" under the ordinary meaning of the term. "Liable" is defined as "bound or obligated according to law or equity." *Webster's Third New Int'l Dictionary of the English Language Unabridged* 1302 (1981); *see also Columbia River Rentals, LLC v. Phillips*, No. CV-08-395-HU, 2009 WL 632933, at *7 (D. Or. Jan. 14, 2009) (noting that "the primary meaning of 'liable' is to mean a legal obligation."), *report and recommendation adopted by Columbia River Rentals, LLC v. Phillips*, Civil No. 08-395-HU, 2009 WL 598014 (D. Or. Mar. 6, 2009).[2]

---

[2] While it is true that the court in *Columbia River* ultimately concluded that the

The parties have not pointed to a narrower definition of "held liable" anywhere in the CGL policy. Under the workers' compensation statute, Riddle is "bound or obligated by law" to make certain payments to the decedents' families, and those payments therefore fall comfortably within the definition of "liability."

This conclusion is bolstered by various sections of the workers' compensation statute, which refer to payments made under it as "liability." *See*, *e.g.*, Ariz. Rev. Stat. § 23-907(D) ("The commission may spend monies from the special fund that relate to a claim under this section and shall include as part of an *employer's liability* under this section those expenditures . . . .") (emphasis added); *id.* § 23-1022(D) ("The primary employer shall be solely *liable for the payment of workers' compensation benefits*") (emphasis added); *id.* § 23-901.02 ("Where compensation is payable for an occupational disease *the only employer liable* shall be the employer in whose employment the employee was last injuriously exposed to the hazards of such disease.") (emphasis added).

And the provision of the workers' compensation statute that precludes suits for money damages against employers also supports the conclusion that "liable" means simply a legal obligation to pay: "Employers who comply [with the statute's requirements] shall not be liable for damages at common law or by statute, except as provided in this section." *Id.* § 23-906. By shielding employers from a specific type of liability—liability for money damages at common law or by statute—and by explicitly stating that employers may be liable as set forth elsewhere in the act, the statute itself assumes that "liable" could include payments made under it.

Depositors' cited authorities do not compel a contrary conclusion. While *Cundiff v. State Farm* correctly states that "[u]nlike liability insurance, workers' compensation does not provide coverage based on fault," that does not mean that workers' compensation payments do not qualify as a form of liability. *See* 217 Ariz. 358, 361, 174 P.3d 270, 273 (2008) (en banc). And while it is true that Arizona's workers' compensation system was

---

quarry owner could not be legally obligated in the underlying case to pay himself damages, the court's statement of the ordinary meaning of "liable" was correct, and Depositors points to nothing in the CGL policy that would limit the scope of "held liable" to only a contrary judgment in the underlying action.

- 8 -

designed to dispense with litigation between employer and employee and to place on industry the burden of compensating workplace injuries, *see Pressley v. Industrial Comm'n*, 73 Ariz. 22, 28, 236 P.2d 1011, 1015 (1951), that also does not mean that workers' compensation payments do not qualify as liability. Fault and liability are distinct. That Arizona's workers' compensation system is a no-fault system is beside the point—when an employer, even a faultless one, makes payments which it is obligated by law to make, the employer is "held liable" under the ordinary meaning of the term. And that is the meaning that matters when interpreting insurance. *See Nucor Corp.*, 231 Ariz. at 414.

## CONCLUSION

In sum, H&E has established that it qualifies as an additional insured under the Contractors Endorsement. The heading of the section imposes no substantive limitation on coverage, and it is undisputed that Riddle has been held liable by making statutorily required payments to the decedents' families. Those payments arose out of the use or operation of equipment leased by Riddle from H&E. Depositors has a duty to defend H&E in the underlying litigation and to indemnify it for any money judgments assessed against it.

Because Depositors owes both the duty to indemnify and defend under the Contractors Endorsement, the Court does not address the parties' arguments regarding the Blanket Endorsement. Further, while H&E's counterclaim included a breach of contract claim, H&E did not move for summary judgment on that claim and the Court expresses no opinion on it.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment of Plaintiff Depositors Insurance Company (Doc. 67) is **DENIED**.

**IT IS FURTHER ORDERED** that the Cross Motion for Summary Judgment of Defendant H&E Equipment Services, Inc. (Doc. 70) is **GRANTED**.

Dated this 15th day of August, 2019.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge